IN THE U.S. DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARGARET MONAHAN,<br>a Kansas resident,<br><br>       Plaintiff,<br><br>vs.<br><br>CHICAGO CARRIAGE CAB CORP.,<br>an Illinois corporation;<br>CHICAGO ELITE CAB CORP.,<br>an Illinois corporation;<br>KWAME NSHIA-ABABIO,<br>A/K/A KWAME ABABIO and<br>KWAME NSIAH, an Illinois resident,<br>Individually and as<br>agent, employee and/or servant of<br>CHICAGO CARRIAGE CAB CORP. and<br>CHICAGO ELITE CAB CORP.,<br><br>       Defendants. | No.: 08 CV 3438<br>Judge Moran<br><br>Magistrate Judge Nolan |

## ANSWER TO COMPLAINT AT LAW

NOW COME the Defendants, CHICAGO CARRIAGE CAB CORP., CHICAGO ELITE CAB CORP. and KWAME NSIAH ABABIO, by and through their attorneys, KENNEDY & ASSOCIATES, P.C., and as their answer to the Plaintiff's Complaint at Law filed herein against them, state as follows:

### Count I

### Chicago Carriage Cab Corp.

1.    On January 26, 2008 and for long period of time prior thereto Mies Van Der Rohe Way was a north and southbound street that intersected with Walton Place, an east and westbound street, in the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:**    This answering Defendant admits the allegations of Paragraph One.

2.    On January 26, 2008, the Plaintiff, MARGARET MONAHAN, a resident of the State of Kansas, was a pedestrian crossing the street in a marked crosswalk running parallel to

Mies Van Der Rohe Way on the west side of its intersection with Walton Place, and at all times herein mentioned was exercising all due care and caution for her own safety.

**ANSWER:** This answering Defendant admits that at the time indicated the Plaintiff, MARGARET MONAHAN, was at or near the intersection of Mies Van Der Rohe Way and Walton Place. Further, the remaining allegations of Paragraph Two state a legal conclusion to which no response is required. To the extent that a response is required, this answering defendant denies the remaining allegations of Paragraph Two.

3. On the aforesaid day and date, co-defendant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, an Illinois resident, was the agent, employee and/or servant of defendant, CHICAGO CARRIAGE CAB CORP., an Illinois Corporation, and was at all times mentioned herein acting within the scope of the agency.

**ANSWER:** This answering Defendant denies the allegations of Paragraph Three.

4. On the day and date aforesaid the defendant, CHICAGO CARRIAGE CAB CORP., by and through its agent, employee and/or servant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, was operating a taxi-cab in a northbound direction on Mies Van Der Rohe Way, then started to make a left turn onto westbound Walton Place through the marked crosswalk where the Plaintiff, MARGARET MONAHAN, was lawfully walking.

**ANSWER:** This answering Defendant admits that at the time indicated, the Defendant, KWAME NSIAH ABABIO, was operating a taxi cab in a northbound direction on Mies Van Der Rohe Way, making a left turn onto westbound Walton Place. Further, this answering Defendant denies the remaining allegations of Paragraph Four.

5. The defendant, CHICAGO CARRIAGE CAB CORP., by and through its agent, employee and/or servant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, operated the taxi-cab in such a careless and negligent manner that as a direct and proximate result thereof, the automobile struck the Plaintiff, MARGARET MONAHAN, causing her to suffer serious and permanent personal injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi cab operated by the Defendant, KWAME NSIAH ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Five.

6. At all times mentioned herein, the defendant owed the Plaintiff, MARGARET MONAHAN, a duty to operate the taxi-cab with reasonable care.

**ANSWER:** The allegations of Paragraph Six state a legal conclusion to which no response is required. Further, to the extent a response is required, this answering Defendant denies the allegations of Paragraph Six and state that he operated his vehicle in compliance with all applicable duties at all relevant times.

7. The defendant was guilty of one or more of the following acts of negligence which was a proximate cause of the Plaintiff's injuries:

   (a) Carelessly and negligently operated, managed, and controlled said motor vehicle so that as a direct and proximate result thereof the plaintiff was injured;

   (b) Carelessly and negligently failed to stop the motor vehicle to avoid striking a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

   (c) Carelessly and negligently operated the motor vehicle without keeping a proper and sufficient lookout for pedestrians crossing the street;

   (d) Carelessly and negligently failed to yield the right-of-way to a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

   (e) Carelessly and negligently failed to maintain proper control over the motor vehicle at all times;

   (f) Carelessly and negligently failed to give a proper warning of the approach of said motor vehicle by honking a horn in violation of 625 ILCS 5/11-1002;

   (g) Drove the vehicle at a rate of speed that was faster than reasonable given the circumstances in violation of 625 ILCS 5/11-601.

**ANSWER:** This answering Defendant denies the allegations of Paragraph Seven and each and every alphabetical subparagraph therein, (a) through (g), inclusive.

8. As a direct and proximate result of the negligence of the defendant, the taxi-cab struck the Plaintiff, MARGARET MONAHAN, causing her to suffer severe and permanent

personal and pecuniary injuries. As a result of these injuries Ms. Monahan has been unable to work. She has incurred serious pain and suffering and disabilities as a result of these injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi-cab operated by the Defendant, KWAME NSIAH ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Eight.

WHEREFORE, the Defendant, CHICAGO CARRIAGE CAB CORP., denies that the Plaintiff, MARGARET MONAHAN, is entitled to judgment against it in a sum in excess of $75,000.00, plus costs, or for any other sum whatsoever.

## Count II

### Chicago Elite Cab Corp.

1. On January 26, 2008 and for a long period of time prior thereto, Mies Van Der Rohe Way was a north and southbound street that intersected with Walton Place, an east and westbound street, in the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:** This answering Defendant admits the allegations of Paragraph One.

2. On January 26, 2008, the Plaintiff, MARGARET MONAHAN, a resident of the state of Kansas, was a pedestrian crossing the street in a marked crosswalk running parallel to Mies Van Der Rohe Way on the west side of its intersection with Walton Place, and at all times herein mentioned was exercising all due care and caution for her own safety.

**ANSWER:** This answering Defendant admits that at the time indicated the Plaintiff, MARGARET MONAHAN, was at or near the intersection of Mies Van Der Rohe Way and Walton Place. Further, the remaining allegations of Paragraph Two state a legal conclusion to which no response is required. To the extent that a response is required, this answering defendant denies the remaining allegations of Paragraph Two.

3. On the aforesaid day and date, co-defendant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, an Illinois resident, was the agent, employee and/or

servant of defendant, CHICAGO ELITE CAB CORP., an Illinois Corporation, and was at all times mentioned herein acting within the scope of the agency.

**ANSWER:** This answering Defendant denies the allegations of Paragraph Three.

4. On the day and date aforesaid the co-defendant, CHICAGO ELITE CAB CORP., by and through its agent, employee and/or servant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, was operating a taxi-cab in a northbound direction on Mies Van Der Rohe Way, and started to make a left turn onto westbound Walton Place through the marked crosswalk where the Plaintiff, MARGARET MONAHAN, was lawfully walking.

**ANSWER:** This answering Defendant admits that at the time indicated, the Defendant, KWAME NSIAH-ABABIO, was operating a taxi cab in a northbound direction on Mies Van Der Rohe Way, making a left turn onto westbound Walton Place. Further, this answering Defendant denies the remaining allegations of Paragraph Four.

5. The defendant, CHICAGO ELITE CAB CORP., by and through its agent, employee and/or servant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, operated the taxi-cab in such a careless and negligent manner that as a direct and proximate result thereof, the automobile struck the Plaintiff, MARGARET MONAHAN, causing her to suffer serious and permanent personal injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi cab operated by the Defendant, KWAME NSIAH-ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Five.

6. At all times mentioned herein, the defendant owed the Plaintiff, MARGARET MONAHAN, a duty to operate the taxi-cab with reasonable care.

**ANSWER:** The allegations of Paragraph Six state a legal conclusion to which no response is required. Further, to the extent that a response is required, this answering Defendant denies the allegations of Paragraph Six and state that he operated his vehicle in compliance with all applicable duties at all relevant times.

7. The defendant was guilty of one or more of the following acts of negligence which was a proximate cause of the Plaintiff's injuries:

    (a) Carelessly and negligently operated, managed, and controlled said motor vehicle so that as a direct and proximate result thereof the plaintiff was injured;

    (b) Carelessly and negligently failed to stop the motor vehicle to avoid striking a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

    (c) Carelessly and negligently operated the motor vehicle without keeping a proper and sufficient lookout for pedestrians crossing the street;

    (d) Carelessly and negligently failed to yield the right-of-way to a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

    (e) Carelessly and negligently failed to maintain proper control over the motor vehicle at all times;

    (f) Carelessly and negligently failed to give a proper warning of the approach of said motor vehicle by honking a horn in violation of 625 ILCS 5/11-1002;

    (g) Drove the vehicle at a rate of speed that was faster than reasonable given the circumstances in violation of 625 ILCS 5/11-601.

**ANSWER:** This answering Defendant denies the allegations of Paragraph Seven and each and every alphabetical subparagraph therein, (a) through (g), inclusive.

8. As a direct and proximate result of the negligence of the defendant, the taxi-cab struck the Plaintiff, MARGARET MONAHAN, causing her to suffer severe and permanent personal and pecuniary injuries. As a result of these injuries Ms. Monahan has been unable to work. She has incurred serious pain and suffering and disabilities as a result of these injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi cab operated by the Defendant, KWAME NSIAH-ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Eight.

WHEREFORE, the Defendant, CHICAGO ELITE CAB CORP., denies that the Plaintiff, MARGARET MONAHAN, is entitled to a judgment against it in a sum in excess of $75,000.00, plus costs, or for any other sum whatsoever.

## Count III

### Kwame Nsiah-Ababio

1.  On January 26, 2008 and for a long period of time prior thereto, Mies Van Der Rohe Way was a north and southbound street that intersected with Walton Place, an east and westbound street, in the City of Chicago, County of Cook, and State of Illinois.

    **ANSWER:** This answering Defendant admits the allegations of Paragraph One.

2.  On January 26, 2008, the Plaintiff, MARGARET MONAHAN, a resident of the state of Kansas, was a pedestrian crossing the street in a marked crosswalk running parallel to Mies Van Der Rohe Way on the west side of its intersection with Walton Place, and at all times herein mentioned was exercising all due care and caution for her own safety.

    **ANSWER:** This answering Defendant admits that at the time indicated, the Plaintiff, MARGARET MONAHAN, was at or near the intersection of Mies Van Der Rohe Way and Walton Place. Further, this answering Defendant denies the remaining allegations of Paragraph Two.

3.  On the aforesaid day and date, defendant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, an Illinois resident, was the agent, employee and/or servant of co-defendants, CHICAGO CARRIAGE CAB CORP. and CHICAGO ELITE CAB CORP., both Illinois Corporations, and was at all times mentioned herein acting within the scope of the agency.

    **ANSWER:** This answering Defendant denies the allegations of Paragraph Three.

4.  On the day and date aforesaid the defendant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, individually and as agent, employee and/or servant of co-defendants, CHICAGO CARRIAGE CAB CORP. and CHICAGO ELITE CAB CORP., was operating a taxi-cab in a northbound direction on Mies Van Der Rohe Way, and started to make a left turn onto westbound Walton Place through the marked crosswalk where the Plaintiff, MARGARET MONAHAN, was lawfully walking.

**ANSWER:** This answering Defendant admits that at the time indicated, the Defendant, KWAME NSIAH-ABABIO, was operating a taxi cab in a northbound direction on Mies Van Der Rohe Way, making a left turn onto westbound Walton Place. Further, this answering Defendant denies the remaining allegations of Paragraph Four.

5. The defendant, KWAME NSIAH-ABABIO, A/K/A KWAME ABABIO and KWAME NSIAH, individually and as agent, employee and/or servant of co-defendants, CHICAGO CARRIAGE CAB CORP. and CHICAGO ELITE CAB CORP., operated the taxi-cab in such a careless and negligent manner that as a direct and proximate result thereof, the automobile struck the Plaintiff, MARGARET MONAHAN, causing her to suffer serious and permanent personal injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi cab operated by the Defendant, KWAME NSIAH-ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Five.

6. At all times mentioned herein, the defendant owed the Plaintiff, MARGARET MONAHAN, a duty to operate the taxi-cab with reasonable care.

**ANSWER:** The allegations of Paragraph Six state a legal conclusion to which no response is required. Further, to the extent that a response is required, this answering Defendant denies the allegations of Paragraph Six and states that he operated his vehicle in compliance with all applicable duties at all relevant times.

7. The defendant was guilty of one or more of the following acts of negligence which was a proximate cause of the Plaintiff's injuries:

(a) Carelessly and negligently operated, managed, and controlled said motor vehicle so that as a direct and proximate result thereof the plaintiff was injured;

(b) Carelessly and negligently failed to stop the motor vehicle to avoid striking a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

(c) Carelessly and negligently operated the motor vehicle without keeping a proper and sufficient lookout for pedestrians crossing the street;

8

(d) Carelessly and negligently failed to yield the right-of-way to a pedestrian in a marked crosswalk in violation of 625 ILCS 5/11-1002;

(e) Carelessly and negligently failed to maintain proper control over the motor vehicle at all times;

(f) Carelessly and negligently failed to give a proper warning of the approach of said motor vehicle by honking a horn in violation of 625 ILCS 5/11-1002;

(g) Drove the vehicle at a rate of speed that was faster than reasonable given the circumstances in violation of 625 ILCS 5/11-601.

**ANSWER:** This answering Defendant denies the allegations of Paragraph Seven and each and every alphabetical subparagraph therein, (a) through (g), inclusive.

8. As a direct and proximate result of the negligence of the defendant, the taxi-cab struck the Plaintiff, MARGARET MONAHAN, causing her to suffer severe and permanent personal and pecuniary injuries.

**ANSWER:** This answering Defendant admits that at the time indicated the taxi cab operated by the Defendant, KWAME NSIAH-ABABIO, made contact with the Plaintiff, MARGARET MONAHAN. Further, this answering Defendant denies the remaining allegations of Paragraph Eight.

WHEREFORE, the Defendant, KWAME NSIAH-ABABIO, denies that the Plaintiff, MARGARET MONAHAN, is entitled to a judgment against him in a sum in excess of $75,000.00, plus costs, or for any other sum whatsoever.

Respectfully Submitted,

Chicago Carriage Cab Corp., Chicago Elite Cab Corp. and Kwame Nsiah-Asbio,

By: s/Gerald A. Kennedy
    Gerald A. Kennedy,
    KENNEDY & ASSOCIATES
    205 West Wacker Drive, #500
    Chicago, IL 60606
    ARDC #: 6201448

## JURY DEMAND

The Defendants, Chicago Carriage Cab Corp., Chicago Elite Cab Corp. and Kwame Nsiah Ababio, by and through their attorneys, Kennedy & Associates, P.C., hereby demand trial by jury on all counts.

Respectfully Submitted,

Chicago Carriage Cab Corp., Chicago Elite Cab Corp. and Kwame Nsiah-Asbio,

By: s/Gerald A. Kennedy
    Gerald A. Kennedy,
    KENNEDY & ASSOCIATES
    205 West Wacker Drive, #500
    Chicago, IL 60606
    ARDC #: 6201448

10